**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 9:20-cr-80049-WPD**

**UNITED STATES OF AMERICA**

**vs.**

**STRONG SUPPLEMENTS LLC,**

> **Defendant.**

_____/

## PLEA AGREEMENT

The Office of the United States Attorney for the Southern District of Florida and the United States Department of Justice, Consumer Protection Branch (hereinafter, the "government") and **STRONG SUPPLEMENTS LLC**, a Delaware limited liability corporation, (hereinafter, the "defendant" or "STRONG SUPPLEMENTS") enter into the following plea agreement:

1.     Defendant is a Delaware limited liability corporation, with its principal office in Las Vegas, Nevada.

2.     Defendant agrees to waive prosecution by Indictment and will instead plead guilty to an Information that will charge the corporation with the crime of conspiracy to distribute controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(E)(i), all in violation of Title 21, United States Code, Section 846.

3.     Defendant will provide the government written evidence, in the form of a notarized resolution of the board of directors of STRONG SUPPLEMENTS, certifying that the defendant is authorized to plead guilty to a violation of Title 21, United States Code, Section

1

846, as charged in the Information, and certifying that defendant is authorized to enter into and comply with all provisions of this plea agreement. This resolution shall further state that the president of STRONG SUPPLEMENTS, or its designee, is authorized to take these actions and that all corporate formalities have been observed, including, but not limited to, obtaining the required approval of defendant's board of directors or senior executive corporate officers. The defendant agrees to have a designated representative to act on its behalf in proceedings in the present case and to appear on STRONG SUPPLEMENTS' behalf to enter a plea of guilty and for the imposition of sentence.

4. Defendant is aware that STRONG SUPPLEMENTS' sentence will be imposed by the Court after considering the United States Federal Sentencing Guidelines and Policy Statements (hereinafter, "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court, relying in part on the results of a Pre-Sentence Investigation by the Court's Probation Office ("Probation"), which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the Court has the

authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in Paragraph 1 and that the defendant may not withdraw its guilty plea solely as a result of the sentence imposed.

5. The defendant understands and acknowledges that the Court may impose a statutory maximum term of probation of up to five (5) years' probation, pursuant to Title 18, United States Code, Section 3561(c)(1) and a fine of not more than $2,500,000 pursuant to Title 18, United States Code, Section 3571(e)(3), and Title 21, United States Code, Section 841(b)(1)(E)(i). In addition to a term of probation, the Court may order forfeiture and restitution.

6. The defendant further understands and acknowledges that, in addition to any sentence imposed under Paragraph 4 of this agreement, a special assessment in the amount of $400 will be imposed on the defendant, pursuant to Title 18, United States Code, Section 3013(a)(2). The defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If the defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to the government and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

7. The government reserves the right to inform the Court and Probation of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, the government further reserves the right to make any recommendation as to the quality and quantity of punishment.

8.      The government further agrees to recommend that the defendant be sentenced at the low end of the Guideline range that is ultimately determined by the Court.  However, the government will not be required to make this sentencing recommendation if the defendant: (1) fails or refuses to make full, accurate, and complete disclosure to Probation of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

9.      The government and STRONG SUPPLEMENTS agree that, although not binding on the Probation Office or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed:

a.      <u>Base offense level</u>: That the base offense level is 16, pursuant to  Sections 2D1.1(a)(5) and 2D1.1(c)(12).

b.      <u>Chapter 2 Adjustments</u>:  That the base offense level will increase by 2, pursuant to Section 2D1.1(b)(7), because controlled substances were distributed through mass-marketing by means of an interactive computer service.

c.      <u>Chapter 3 Adjustments</u>:  None of the adjustments in Parts, A, B, C, and E apply, pursuant to Section 8A1.2, commentary, application note 2.

d.      <u>Estimated Total Offense Level</u>: Based on these recommendations, the parties estimate that the total offense level is 18.

e.      <u>Chapter 8 Base Fine</u>: The appropriate fine for STRONG SUPPLEMENTS shall be determined by  Section 8C2.10.  As noted in Section 8C2.10, the Court should refer

4

to Sections 8C2.8 and 8C2.9, which, among other things, ask the Court to consider a number of factors, including those set forth in Title 18, United States Code, Sections 3553(a) and 3572(b).

f.     Acceptance of Responsibility: The parties agree that if STRONG SUPPLEMENTS does not abide by all of the terms and conditions of this plea agreement, the defendant's failure to do so is grounds for the loss of acceptance of responsibility under Section 8C2.5(g). The parties agree that based on the information known to the government to date, the defendant is eligible for a reduction pursuant to Section 8C2.5(g)(3). Any information that becomes known to the government subsequent to the signing of this plea agreement that is inconsistent with defendant's acceptance of responsibility, including any conduct of the defendant or of its owners, officers, or directors, are grounds for the loss of acceptance of responsibility.

10.     Pursuant to Title 18, United States Code, Section 3663(a)(1)(A) and (a)(3), the defendant agrees to pay restitution to C.H., a victim, because of the purchase by C.H. of the product Alpha-1 Max from STRONG SUPPLEMENTS. The amount of the restitution will be determined by U.S. Probation and the Court.

11.     Pursuant to Section 8B1.2, STRONG SUPPLEMENTS agrees to a remedial order as a condition of probation requiring a public notice published on the defendant's website(s) that is reasonably designed to notify consumers of:

a.     any products previously sold by the defendant in violation of the Controlled Substances Act or the Federal Food, Drug, and Cosmetic Act;

b.     the defendant's guilty plea; and

c.    links to the Food and Drug Administration website on information assisting consumers in identifying and selecting lawful dietary supplements.  The public notice shall be accessible as a link from STRONG SUPPLEMENTS' website(s) landing page.

12.    STRONG SUPPLEMENTS agrees that it shall cooperate fully with the government by:

a.    providing truthful and complete information and testimony, and producing documents, records and other evidence, when called upon by the government, whether in interviews, before a grand jury, or at any trial or other court proceeding;

b.    appearing at such grand jury proceedings, hearings, trials, and other judicial proceedings, and at meetings, as may be required by the government; and

c.    implementing a compliance and ethics program designed to prevent the distribution of products violating the Food, Drug, and Cosmetic Act, 21 U.S.C. § 301, *et seq*.

In addition, STRONG SUPPLEMENTS agrees that the defendant will not protect any person or entity through false information or omission, that the defendant will not falsely implicate any person or entity, and that the defendant will not commit any further crimes.

13.    The government reserves the right to evaluate the nature and extent of the defendant's cooperation and to make the defendant's cooperation, or lack thereof, known to the Court at the time of sentencing.  If in the sole and unreviewable judgment of the government, the defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the Court's downward departure from the advisory sentence calculated under the Sentencing Guidelines, the government may make a motion prior to sentencing, pursuant to Section 5K1.1 of the

Sentencing Guidelines, or subsequent to sentencing, pursuant to Rule 35 of the Federal Rules of Criminal Procedure, informing the Court that the defendant has provided substantial assistance and recommending that the defendant's sentence be reduced. The defendant acknowledges and agrees, however, that nothing in this plea agreement may be construed to require the government to file any such motions and that the government's assessment of the nature, value, truthfulness, completeness, and accuracy of the defendant's cooperation shall be binding as it relates to the appropriateness of the government's filing or non-filing of such a motion to reduce sentence.

14.     The defendant understands and acknowledges that the Court is under no obligation to grant a motion for reduction of sentence, as referred to in the preceding paragraph of this plea agreement. In addition, the defendant understands and acknowledges that the Court is under no obligation of any type to reduce the defendant's sentence because of the defendant's cooperation or attempted cooperation.

15.     The defendant knowingly and voluntarily agrees to the entry of a forfeiture money judgment against it in the amount of $64,640 (US) (hereinafter, the "Forfeiture Money Judgment"), which the defendant agrees is a sum of money equal in value to the proceeds that STRONG SUPPLEMENTS obtained, directly or indirectly, as a result of the violation to which it agrees to plead guilty herein, and that this sum is therefore subject to criminal forfeiture, pursuant to Title 21, United States Code, Section 853(a)(1).

16.     Further, the defendant knowingly and voluntarily agrees to the forfeiture of any property that was used, or intended to be used, in any manner or part, to commit or facilitate the commission of the violation to which it agrees to plead guilty herein, pursuant to Title 21, United States Code, Section 853(a)(2). Further, if STRONG SUPPLEMENTS

dissolves or ceases to exist during any period of probation or supervised release imposed by the Court, the defendant knowingly and voluntarily agrees to the entry of a forfeiture judgment for all property of STRONG SUPPLEMENTS that facilitated the offense of conviction, including, but is not limited to, the following Internet domain name, strongsupplementshop.com.

17.     Additionally, the defendant agrees that if STRONG SUPPLEMENTS anticipates that it will dissolve or cease to exist at time prior to the satisfaction of the Forfeiture Money Judgment, it will alert the government to this fact sufficiently in advance and agrees that it will in this instance liquidate any and all of its assets necessary to satisfy the Forfeiture Money Judgment, after which it will tender a certified check to the government in satisfaction of the Forfeiture Money Judgment accordingly.

18.     The defendant knowingly and voluntarily agrees to waive the defendant's right to a hearing, pursuant to Federal Rule of Criminal Procedure 32.2(b)(1)(A), to determine the amount of the Forfeiture Money Judgment, or to determine the nexus between any facilitating property and the violation to which it agrees to plead guilty herein. Furthermore, the defendant knowingly and voluntarily agrees that the defendant shall not, in any manner, act in opposition to the United States in seeking entry and full satisfaction of the Forfeiture Money Judgment, or the forfeiture of any facilitating property.

19.     The defendant knowingly and voluntarily agrees to waive the following rights with respect to the entry of the Forfeiture Money Judgment against STRONG SUPPLEMENTS, or the forfeiture of any facilitating property:

a.      All constitutional, legal, and equitable defenses to such forfeiture;

8

b.      Any constitutional or statutory double jeopardy defense or claim regarding such forfeiture;

c.      Any claim or defense to such forfeiture brought or raised under the Eighth Amendment to the United States Constitution, including, but not limited to, any claim or defense of excessive fine; and

d.      Any right the defendant may have to an appeal of any resulting order of forfeiture regarding the Forfeiture Money Judgment, or any facilitating property.

20.      The defendant knowingly and voluntarily agrees and understands that entry of the Forfeiture Money Judgment agreed upon herein shall not be treated as satisfaction (either partial or full) of any assessment, fine, restitution, cost of imprisonment, or any other penalty that the Court may impose upon the defendant in addition to the forfeiture. The defendant also agrees to assist the government in all proceedings, administrative or judicial, involving forfeiture to the United States of any property, including substitute property, regardless of its nature or form, real or personal, which the defendant or others known to the defendant, have accumulated as a result of illegal activities.  The assistance shall include: identification of any property subject to forfeiture, agreement to the entry of an order enjoining the transfer or encumbrance of such property, and the transfer of such property to the United States by delivery to the government upon the government's request, any necessary and appropriate documentation, including consents to forfeiture and quit claim deeds, to deliver good and marketable title to such property.

21.      In furtherance of the collection of the Forfeiture Money Judgment and/or a restitution judgment, the defendant agrees to the following:

a.      The defendant agrees to make full and accurate disclosure of STRONG SUPPLEMENTS' financial affairs to the government and Probation.   Specifically, the defendant agrees that upon signing of this plea agreement, STRONG SUPPLEMENTS shall submit a completed Financial Disclosure Statement and shall fully disclose and identify all assets in which the defendant has any interest and/or over which the defendant exercises control, directly or indirectly, including those held by a nominee, or other third party.   The defendant agrees to provide, in a timely manner, all financial information requested by the government and Probation, and upon request, to have a STRONG SUPPLEMENTS owner, officer, or agent meet in person to identify assets/monies which can be used to satisfy the Forfeiture Money Judgment and/or the restitution judgment.   In addition, the defendant expressly authorizes the government to obtain a credit report.

b.      The defendant agrees that the defendant will not sell, hide, waste, encumber, destroy, or otherwise devalue any asset until the Forfeiture Money Judgment and/or the defendant's restitution judgment is paid in full without prior approval of the government. The defendant shall also identify any transfer of assets valued in excess of $5,000 since the date of the defendant's indictment or when the defendant became aware of the criminal investigation, including the identity of the asset, the value of the asset, the identity of the third party to whom the asset was transferred, and the current location of the asset.

c.      The defendant agrees to cooperate fully in the investigation and the identification of assets to be applied toward forfeiture and/or restitution.   The defendant agrees that providing false or incomplete information about the defendant's financial assets, or hiding, selling, transferring or devaluing assets and/or failing to cooperate fully in the investigation and identification of assets may be used as a basis for: 1) separate prosecution,

including, under Title 18, United States Code, Section 1001; or 2) recommendation of a denial of a reduction for acceptance of responsibility pursuant to Sentencing Guidelines Section 3E1.1.

d.      The defendant agrees that any fine or restitution imposed by the Court will be due and payable in full within ten days of the entry of judgment following the sentencing hearing, and the defendant will not attempt to avoid or delay payment.  The defendant further agrees to liquidate assets, or complete any other tasks which result in immediate payment of the Forfeiture Money Judgment and/or the restitution judgment in full, or full payment in the shortest amount of time, as requested by the government.

e.      The defendant shall notify, within 30 days, the Clerk of the Court and the government of: (1) any change of name, residence, or mailing address, and (2) any material change in economic circumstances that affects the ability to pay the Forfeiture Money Judgment and/or restitution.

22.     The defendant is aware that Title 28, United States Code, Section 1291 and Title 18, United States Code, Section 3742 afford the defendant the right to appeal the sentence imposed in this case.  Acknowledging this, in exchange for the undertakings made by the government in this plea agreement, the defendant hereby waives all rights conferred by Sections 1291 and 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure or upward variance from the Sentencing Guidelines range that the Court establishes at sentencing. The defendant further understands that nothing in this plea agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title

11

28, United States Code, Section 1291. However, if the government appeals the defendant's sentence pursuant to Sections 3742(b) and 1291, the defendant shall be released from the above waiver of the right to appeal the defendant's sentence.

The defendant further hereby waives all rights conferred by Title 28, United States Code, Section 1291 to assert any claim that (1) the statute(s) to which the defendant is pleading guilty is/are unconstitutional; and/or (2) the admitted conduct does not fall within the scope of the statute(s) of conviction.

By signing this agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth in this plea agreement with defendant's attorney. The defendant further agrees, together with the government, to request that the district court enter a specific finding that the defendant's waiver of the defendant's right to appeal the sentence to be imposed in this case was knowing and voluntary.

23.    The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or Probation, is a prediction, not a promise, and is not binding on the government, Probation, or the Court. The defendant understands further that any recommendation that the government makes to the Court as to sentencing, whether pursuant to this plea agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged above, that the defendant may not withdraw the defendant's guilty plea based upon the Court's decision not to accept a sentencing recommendation made by

the defendant, the government, or a recommendation made jointly by both the defendant and the government.

24.     This plea agreement is the entire agreement and understanding between the government and STRONG SUPPLEMENTS. There are no other agreements, promises, representations, or understandings.

JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

GUSTAV W. EYLER
DIRECTOR
CONSUMER PROTECTION BRANCH

Date: 5/11/2021                 By:    _____
                                       ALISTAIR READER
                                       Trial Attorney
                                       Consumer Protection Branch
                                       U.S. Department of Justice

Date: 5/3/2021                  By:    _____
                                       DANIEL V. BEHESNILIAN
                                       Attorney for Defendant

Date: 5/3/2021                  By:    _____
                                       Authorized Representative
                                       STRONG SUPPLEMENTS, LLC
                                       Defendant

13